IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RONALD E. DOUDS,** ) | |
| No. 44579-061, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 14-cv-01146-SMY |
| ) | |
| USA, and, ) | |
| **UTILIZATION REVIEW COMMITTEE,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Ronald E. Douds is an inmate in Greenville Correctional Center ("Greenville"). He brings this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–2680, based on the alleged negligent provision of medical care while he has been at Greenville.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) Screening.– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal.– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, in June 2010 Plaintiff Douds arrived at Greenville with preexisting leg neuropathy, apparently stemming from a low-back injury. Between November 2010 and September 2012 Plaintiff sustained a series of injuries—most related to his back and neuromuscular issues. Plaintiff sought treatment, but due to alleged medical malpractice and delay his condition worsened, resulting in the loss of feeling and muscle function in his right leg, increased back pain, and an increased risk of "future harm." In September 2011, almost two years after he first sought treatment at Greenville, he was approved for micro-discectomy, which doctors opined would have only a 50% chance of success.

The complaint and an attached memorandum (Docs. 1, 1-1, pp. 22-29) assert two claims:

**Count 1: The United States, by and through the Bureau of Prisons and Utilization Review Committee, committed medical malpractice by failing to properly and timely diagnose and treat his medical needs; and**

**Count 2: Evidence was spoiled and or records requested under the Freedom of Information Act were denied, thereby interfering with and/or delaying the administrative and legal processes.**

The United States and the Utilization Review Committee are named as defendants. Plaintiff seeks $1,500,000 in compensatory damages.

## Discussion

Federal prisoners may bring suit under the FTCA for injuries sustained through the negligent acts of prison officials. *Palay v. United States,* 349 F.3d 418, 425 (7th Cir. 2003) (discussing *United States v. Muniz,* 374 U.S. 150 (1963)). An FTCA claim may be brought for:

> [P]ersonal injury ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Palay,* 349 F.3d at 425 (citing 28 U.S.C. § 1346(b)(1)).

### The Defendants

The United States of America is the only proper defendant to an FTCA action. *See* 28 U.S.C. § 2679(b); *FDIC v. Meyer*, 510 U.S. 471 (1994). In addition to the United States, the complaint lists the Utilization Review Committee as a defendant. Therefore, the Committee will be dismissed from this action with prejudice.

### Count 1

In a medical malpractice action, a plaintiff must ultimately prove: (1) the proper standard of care by which to measure the defendant's conduct; (2) a negligent breach of the standard of care; and (3) the resulting injury proximately caused by the defendant's lack of skill or care. *Susnis ex rel. Susnis v. Radfar*, 739 N.E.2d 960, 96 (Ill. App. 1st Dist. 2000). As a general matter, the allegations in the complaint support a colorable FTCA claim regarding medical malpractice, but that does not end the Court's review of Count 1.

Under Illinois law, a plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the

following: (1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (*and the written report must be attached to the affidavit*); (2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or (3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILCS 5/2-622(a) (West 2013).

Failure to file the required certificate is grounds for dismissal of the claim. *See* 735 ILCS 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614. Similarly, "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend [his or her] complaint to comply with section 2-622 before [his or her] action is dismissed with prejudice.' " *Id.*

In the instant case, Plaintiff has failed to file the necessary affidavit. Therefore, Plaintiff will be given an opportunity to file the required affidavit. Without offering an opinion regarding whether this action has been properly commenced within the two-year statute of limitations period for filing an FTCA action (*see E.Y. ex rel. Wallace v. United States*, 758 F.3d 861 (7th Cir. 2014) (applying the FTCA statute of limitations in a malpractice scenario and discussing the accrual date), the Court cautions Plaintiff that it appears that time is of the essence. In any event,

if Plaintiff fails to timely file the required affidavit by the prescribed deadline, Count 1 will be dismissed without prejudice and this case will be closed.

**Count 2**

Count 2 is drawn from the memorandum attached to the complaint (Doc. 1-1, p. 22), not from the complaint itself, which mentions no such claim (Doc. 1, p. 5).  As framed by Plaintiff, Count 2 asserts that evidence was spoiled and/or records requested under the Freedom of Information Act were denied, thereby interfering with and delaying the administrative and legal processes.  However, the narrative portions of the complaint and memorandum offer no basis or factual underpinnings for this claim.  Thus, Count 2 fails to state a claim under the *Twombly* pleading standard and Count 2 must be dismissed.  Dismissal shall be without prejudice.

**Disposition**

IT IS HEREBY ORDERED that, for the reasons stated, Defendant **UTILIZATION REVIEW COMMITTEE** is **DISMISSED with prejudice** from this FTCA action.

IT IS FURTHER ORDERED that **COUNT 2 is DISMISSED without prejudice**.

IT IS FURTHER ORDERED that, as to **COUNT 1**, the medical malpractice claim, on or before **February 16, 2015**, Plaintiff shall file the required affidavit pursuant to 735 ILCS 5/2-622.  If the required affidavit is not filed by the prescribed deadline, **COUNT 1** will be dismissed without prejudice and the case will be closed.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address.

IT IS SO ORDERED.

DATED:  November 18, 2014

                                                       **s/ Staci M. Yandle**
                                                       **United States District Judge**