IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD E. DOUDS,<br>No. 44579-061,<br><br>         **Plaintiff,**<br><br>   vs.<br><br>USA, and,<br>UTILIZATION REVIEW COMMITTEE,<br><br>         **Defendants.** | )<br>)<br>)<br>)<br>)<br>)   Case No. 14-cv-01146-SMY<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Ronald E. Douds is an inmate in Greenville Correctional Center ("Greenville"). He brings this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–2680, based on the alleged negligent provision of medical care while he has been at Greenville.

In accordance with 28 U.S.C. § 1915A, the complaint underwent a preliminary review. By order dated November 18, 2014, the defendant Utilization Review Committee was dismissed with prejudice; Count 2, a claim based upon the Freedom of Information Act, was dismissed without prejudice. Relative to Count 1, a medical malpractice claim, it was ordered that on or before February 16, 2015, Plaintiff was to file the required medical affidavit pursuant to 735 ILCS 5/2-622. When Plaintiff failed to submit the required documentation, the case was dismissed without prejudice (Doc. 10). The dismissal was subsequently vacated and the Court explained the various ways Plaintiff could satisfy 735 ILCS 5/2-622(a) (Doc. 14). The deadline for compliance was reset to April 13, 2015 (Doc. 14).

On April 13, Plaintiff filed a December 17, 2013, medical record of his evaluation by Dr. Douglas Kruse (only the subjective portion), along with an undated medical notation (not by Dr. Kruse) that appears to recommend lumbar decompression at L-4-5 and L5-S1 (Doc. 15).

As had been explained to Plaintiff, Plaintiff could have: (1) filed the required affidavit and medical report; (2) filed an affidavit indicating that the medical consultation could not be secured before the statute of limitations ran out in which case the report would be due within 90 days from the filing of the complaint (in this case by January 21, 2015); or (3) file an affidavit reflecting that the health professional has not responded within 60 days from receipt of the request for certification, in which case an additional 30 days is available.  *See* 735 ILCS 5/2-622735 ILCS 5/2-622(a).  The documents submitted by Plaintiff simply do not satisfy 735 ILCS 5/2-622(a).

Plaintiff was forewarned that if the required affidavit was not filed by the prescribed deadline, Count 1 would be dismissed without prejudice and the case would be closed.

**IT IS THEREFORE ORDERED** that, for the reasons stated the remaining claim and defendant, **COUNT 1** and Defendant **USA,** are **DISMISSED without prejudice**.  Judgment shall enter accordingly and the Clerk of Court shall administratively close this case.  The dismissal of this action shall not count as a strike for purposes of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED: May 22, 2015**

s/ **Staci M. Yandle**
**United States District Judge**
